## WALKER *v.* MIZELL *et al.*

ATKINSON, J. The petition failed to allege a cause of action; and the judgment of the trial court dismissing the case on general demurrer is
*Affirmed. All the Justices concur.*

No. 3809. FEBRUARY 14, 1924.

Equitable petition. Before Judge Humphries. Fulton superior court. May 11, 1923.

The exception in this case is to a judgment dismissing an action on general demurrer to the petition. The petition was filed September 23, 1922, and after amendment was as follows:

"The petition of Charles N. Walker, trading as Walker Roofing Company, respectfully shows to the Court the following facts:

"1. That the defendants herein are Dr. George C. Mizell and Mrs. Larue Mizell, and both of said defendants are residents of said State and County.

"2. That on or about April 23, 1919, the petitioner aforesaid

filed suit in the municipal court of Atlanta against the defendants, the name and style of which said suit was Walker Roofing Company v. Dr. George C. and Mrs. Larue Mizell, and bore the number 3108 in said county.

"3. That thereafter, the defendants herein filed their demurrers and answers to said suit, and set up the counter-claim asking judgment against this petitioner for the sum of $450 as alleged damages sustained by said defendants because of certain leakages in the roofs constructed by this petitioner.

"4. That thereafter, said cause came on in its regular order for hearing before one of the judges of said municipal court of Atlanta, the name of which said judge being the Honorable J. B. Ridley, and said cause was heard before said Judge Ridley and a jury duly empaneled, and upon said trial a judgment was entered on December 9, 1920, awarding to this petitioner a judgment in the sum of $254.50, with $...... costs of court.

"5. That thereafter, an oral motion for a new trial was made by the defendants, and by order of said court, signed by the said Honorable J. B. Ridley, Judge, dated December 14, 1920, a new trial was granted, and said cause remanded to the calendar for trial.

"6. That thereafter, on or about May 12, 1921, said trial came on for hearing, and the jury having found a verdict against this petitioner and in favor of said defendants for the sum of $305.81, upon which said verdict the Honorable L. F. McClelland, one of the judges of said municipal court of Atlanta, then and there presiding entered up judgment against this petitioner and in favor of said defendants, on May 12, 1921, for the principal sum of $305.81, together with $...... costs of suit.

"7. That thereafter a motion for a new trial was, on May 24, 1921, made by the plaintiff, which came on for hearing on June 8, 1921, and after hearing argument on same, said the Honorable L. F. McClelland, Judge as aforesaid, entered an order bearing date June 8, 1921, overruling said motion for a new trial.

"8. That thereafter counsel for this petitioner proceeded to appeal said case by the method prescribed in the act creating said municipal court of Atlanta, but that, for some reason unknown to this petitioner, the said L. F. McClelland entered an order of September 17, 1921, ordering that the brief of evidence accompanying the bill of exceptions, in order to carry said case to the

appellate division of said court, was ' ordered by the court that the same be, and it is hereby, not approved.'

"9.  That thereafter, from time to time, this petitioner was advised by his counsel and up until about July, 1922, that said cause was pending on appeal, with every assurance that he would be granted a new trial, while as a matter of fact the order entered by the said Honorable L. F. McClelland on September 17, 1921, was in effect a final determination of said cause, and a fi. fa. issued in said case on June 15, 1921, was in full force and effect.

"10.  That all of the time from the rendition of said judgment and order by the said Honorable L. F. McClelland on said June 8, 1921, this petitioner was advised and believed that this said cause was pending on appeal, and that during all of said time up until about September 21, 1922, no effort was made by the marshal of said municipal court of Atlanta to levy said fi. fa., or in any other manner collect said judgment, but that on or about said September 21, 1922, this petitioner was notified by Sam Hoyt, a deputy marshal of said municipal court of Atlanta, that he held a fi. fa. against this petitioner in said cause, amounting to total, including the principal, interest, and costs, of the sum of $353.36, of which he demanded payment, otherwise he would levy the same upon the goods and property of this petitioner.

"11.  Petitioner says that the said defendants obtained said judgment against him by fraudulent means, artful practices, and deceitful methods, that the same constituted also a fraud upon the said Honorable L. F. McClelland, and the said municipal court of Atlanta, and that said judgment was obtained upon no meritorious competent or material evidence, but was obtained by fraudulent methods, as shall be hereafter alleged.

"12.  Petitioner says that he is advised and believes, and states upon information and belief, that at the second trial of said cause one of the defendants herein, the said Doctor George C. Mizell, did state to one or more of the jurors then and there trying said cause, and while not in the presence of the said court, that the said defendants had won the case in the previous trial, when as a matter of fact this petitioner had won the case and a verdict had been rendered in his favor by the jury as hereinbefore alleged.

"13.  Petitioner alleges that the testimony of one C. R. Gibbs and other men who testified in the first trial, concerning vital and

important features of this petitioner's case, and whose testimony was reported by the official stenographer of said municipal court of Atlanta, was lost to this petitioner in the second trial of said cause, because of the death of said stenographer, the inability of any other stenographer to transcribe his notes, and the inability of this petitioner to locate and have in person the said important, vital, and necessary evidence given by them.

"14. That at the first trial of said case one H. J. Oullette testified on behalf of this petitioner that the roofs constructed and laid by this petitioner, and which were then in controversy, were inspected by him, and that he had found them ninety per cent. better than the average roofs in the City of Atlanta, and also better than the roof on his own property, which he had accepted and paid for; also, that this petitioner had followed in detail, in constructing the roofs in controversy, the specifications of the manufacturer in perfect and faithful detail, and thereafter, between the first and the second of said trials as aforesaid, a business difficulty arose between the said Oullette and this petitioner, which made the said Oullette angry with this petitioner, and the said Oullette then and there fraudulently conspired and unlawfully colluded with the said defendants in practicing a fraud upon the said court and this petitioner, by going upon the witness stand in the second trial of said cause and giving sworn testimony to the effect that the roofs in controversy were not constructed in accordance with the manufacturer's specifications, and because of this fact no manufacturer would be required under his contract to guarantee the same, it being in direct contradiction of the witness's former testimony upon a vital and important fact in the case, and was false.

"15. Petitioner avers that on the second trial of said cause, the defendant, Doctor George C. Mizell, testified, among other things, in support of his counter-claim against this petitioner for $450, that the work done by him and others employed by him on the roofs in controversy was of such a nature as to be reasonably worth, together with the damage alleged to have been sustained by the alleged defective work of petitioner, the amount of the said counter-claim; and this petitioner has since learned facts which will establish that all of said testimony given by said defendant was false and was a fraud practiced upon said court and jury, in order to support said counter-claim, and that the true facts were that said

testimony was given by said defendant for the sole purpose of defeating this petitioner's just claim for materials furnished and services rendered, and that all of said testimony was utterly false and fraudulent, which this petitioner can now show, and the truth of which he is now ready and able to produce, which he could not produce at said trial because of said defendant's false testimony and fraudulent and deceptive manner of bringing this into the case.

"16. Petitioner says that the act creating the said municipal court of Atlanta specifically provides that causes tried therein should be tried upon principles of pure justice and equity, and that all technicalities should be avoided, and that said court failed to give due consideration to the equitable principles involved in said cause concerning the following matter, to wit: that it was a part of the contract had between this petitioner and the said defendant that this petitioner should inspect said roofs for a period of one year after putting them on, which this petitioner fully and faithfully performed for said defendants, although they justly owed this petitioner the sum of $254.50, the amount of the verdict awarded this petitioner by the jury in the first trial of said case, went to the tenant upon whose houses this petitioner had put roofs and notified them not to allow this petitioner to make any further inspections, and thereby precluded and prevented this petitioner from carrying out fully his contract, and said defendants thereupon attempted and did take advantage of their own wrong by setting up and falsely swearing to said counter-claim, to no item of which could they have been properly entitled in equity and good conscience; and further, because all of the alleged work done by the said defendants upon said roofs was defective work, unworkmanlike work, unmerchantical work, and work done by cheap street and inefficient labor, with the use of inferior materials, and all done before and without giving this petitioner any notice whatsoever, or giving him any opportunity to fully and faithfully carry out the terms of this contract; and the testimony of said defendant as to what loss, if any, he had sustained, or what damage to property, if any, had occurred was utterly false and in conflict with all principles of justice, equity, and good conscience.

"17. Petitioner says that he is now remediless in the premises, save in a court of equity, where matters and things of this kind and nature are alone cognizable and relievable, and that because

of the fraud as hereinbefore alleged, practiced by said defendants upon said court and this petitioner, this petitioner says that J. M. George, the marshal of said municipal court of Atlanta, and Samuel Hoyt, a deputy marshal of said court, should be restrained and enjoined from further attempt to levy said fi. fa. in said cause or to do any other act in furtherance of the collection of said illegal and inequitable judgment, interest and cost.

"18. That at no time after the completion of said work by the plaintiff for defendants, and the furnishing of the materials as hereinbefore alleged, has either of the said defendants made any demand upon the plaintiff for any sum or sums of money, nor have said defendants, or either of them, ever notified this plaintiff that they had in any way been damaged or injured in any sum or sums of money whatsoever, as was alleged in said set-off or counterclaim; but on the contrary the said defendants had notified the tenants in all the premises upon which the plaintiff had erected and laid roofs not to permit him to make any further inspection in accordance with his contract.

"19. That although this plaintiff is advised and believes that the legal effect of the order of Judge L. F. McClelland, that the brief of evidence presented by the then counsel for the plaintiff be not approved, was the final determination of the cause, this plaintiff avers that the said order and judgment of the said Judge L. F. McClelland was error, and in conflict with the principles of equity, good conscience, and justice, and the spirit of the law creating the said municipal court of Atlanta; and while the effect of said order denied this plaintiff's right to proceed further at law, it at the same time made his cause a subject for equitable relief.

"20. That this plaintiff avers that the death of the official stenographer of said municipal court, who reported the evidence in the first trial, rendered this plaintiff defenseless and remediless in a court of law, for the reason that this plaintiff was depending upon the reproduction of the testimony of various witnesses who testified on the first trial, who could not be procured at the second trial without great labor and expense, and the sudden death of said official stenographer and the knowledge that his notes had not been transcribed prior to this death only came to this plaintiff after said case had gone to hearing at the second trial thereof.

"21. This plaintiff avers that under the act of the General

Assembly creating the said municipal court of Atlanta, that each of the judges thereof are charged with the duty that whenever it appears, during the trial of any cause therein, that the amount sought to be recovered is a greater amount than the monetary jurisdiction of said court, which monetary jurisdiction was, at the time of the trial complained of, $500 maximum, that said cause should be either dismissed or transferred for trial to the superior court of Fulton County, or the city court of Atlanta; and this plaintiff avers that the verdict of said jury in the trial complained of was predicated upon the testimony of the defendant, Mrs. Larue Mizell, who says that because of the neglect in placing roofs of improper material on and in an unworkmanlike manner, that she was required to spend the following amounts of money, to wit: $346.81 for liquid cement, $147.50 for applying the same on the roofs, $66 paid to the Southern Roofing Company for repairing the roofs when the liquid cement failed to give the results desired, $67.50 wall-papering the rooms which had been damaged by leakage, a total of $627.81, which was far in excess of the monetary jurisdiction of the said court; and this plaintiff avers that it was a fraud upon said court and this affiant for the said defendant to arbitrarily set up and plead a counter-claim for $450, all for the purpose and intent of defrauding and delaying the recovery by this plaintiff of the said sum of $254 which the jury had awarded him in the former trial.

"Wherefore, waiving discovery, the premises considered, petitioner prays:

"First: That the said J. M. George, marshal, and said Samuel Hoyt, deputy marshal, as aforesaid, be made parties to this cause, and that they and each of them be restrained and enjoined from levying, attempting to levy, or in any wise collecting the judgment, interest and cost herein complained of.

"Second: That a rule nisi issue in terms of the law, citing the defendants aforesaid, together with said J. M. George, marshal, and said Samuel Hoyt, deputy marshal, to be and appear before the motions division of this honorable [court] and show cause, if any there be, why the prayers of this petition should not be granted as prayed.

"Third: That on the hearing of said rule nisi, said restraining order be made permanent, and that this honorable court inquire of

the facts alleged herein and grant unto petitioner such relief as may be .proper and adequate in the premises.

"Fourth: Petitioner prays that process issue in terms of the law, requiring said defendants and each of them to be and appear at the next term of this court to answer petitioner's complaint.

"Fifth: That petitioner be granted such other and further relief in the premises as the nature of his cause may require and which to equity may seem meet and proper."

. *Roy Lewis,* for plaintiff.

*J. A. Watson Jr.,* and *Alston, Alston, Foster & Moise,* for defendants.